UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN H. YOUNG AND VICTORIA HAIK YOUNG | CIVIL ACTION |
| VERSUS | NO. 07-9842 |
| BALBOA INSURANCE COMPANY, MERITPLAN INSURANCE COMPANY, AND NEWPORT INSURANCE COMPANY | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment filed by Defendants Meritplan Insurance Company, Balboa Insurance Company, and Newport Insurance Company (Rec. Doc. 27). As stated herein, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiffs, Brian and Victoria Young, have sued Defendants, Meritplan Insurance Company, Balboa Insurance Company, and Newport Insurance Company, in connection with property damage suffered by them as a result of Hurricane Katrina. Defendants Balboa and Newport seek summary judgment on grounds that neither company issued a policy of insurance covering Plaintiffs' property. Defendant Meritplan concedes that it issued a policy of insurance covering Plaintiffs' property, but maintains that the policy is a lender-placed policy, and, as such, payable only to the current named insured, and holder of Plaintiffs' mortgage, Select Porfolio Servicing, Inc. Thus, Meritplan maintains that Plaintiffs are not insureds under the policy and, therefore, lack

standing relative to this lawsuit. Alternatively, if the Court were to find that Plaintiffs are insureds under the policy, Meritplan argues that their maximum recovery is limited to the amount by which the policy limits exceed the amount that Plaintiffs contend constitutes Select's "insurable interest" in the property. Given that the policy has limits of $137,000.00, and Plaintiffs maintain that Defendant's insurable interest in their property is only $131,606.80, that amount is $5,392.00.[1]

## LAW AND ANALYSIS

**I.     Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554,

---

[1]     This is the amount utilized by the parties. By the Court's calculation, the number should be $5,393.20.

2

91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that

evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.    Application**

In responding to Defendants' motion, Plaintiffs offer no evidence to support their claims against Defendants Balboa and Newport. Indeed, Plaintiffs state that these two defendants "may be dismissed without prejudice from this matter." *See* Plaintiffs' Response to Reply (Rec. Doc. 35) at p. 1. At this juncture, however, the Court finds no basis for dismissing these defendants "without prejudice," rather than "with prejudice." The time during which Plaintiffs could voluntarily dismiss defendants without leave of court has passed, *see* Federal Rule of Civil Procedure 41(a), and Plaintiffs have had ample time and opportunity to discover Rule 56 evidence to support their claims. Accordingly, Plaintiffs' claims against Defendants Balboa and Newport are dismissed with prejudice.

Regarding Defendant Meritplan, Plaintiffs are considered "additional insureds" under the Meritplan policy to the extent that any residual insurance exists above the insurable interest of the lender. *See* Insurance Agreement, Exhibit 2 to Memorandum in Support of Motion for Summary Judgment at p. 4 of 26 (Rec. Doc. 27-5). Considering the parties' submissions, the Court

finds that Plaintiffs' affidavits create a triable issue with respect to whether the lender's "insurable interest" was only $131,606.80, and, thus, less than the $137,000 limits of the Meritplan policy.

Although Meritplan contends that Plaintiffs' mortgage balance should be calculated as of December 2007, thus totaling $164,361.18, rather than the August 29, 2005 date of loss on which Plaintiffs rely, it has cited no authority for this notion. Nor does the policy specify the date upon which any "residual amounts of insurance over and above the [lender's] insurable interest" in the property are determined. *See* Insuring Agreement, *supra*. Given the foregoing, and the well-established principle that "the court should generally construe an ambiguous policy in favor of the insured," *see American Elec. Power Co., Inc. v. Affiliated FM Ins. Co.*, ___ F.3d ___, 2009 WL 130187, *2 (5th Cir. 2009), the Court is not in a position to conclude that Meritplan is entitled to judgment in its favor as a matter of law relative to the entirety of Plaintiffs' claim. It does appear to the Court, however, that with policy limits of $137,000, Plaintiffs' potential recovery under the policy itself (exclusive of any penalties and/or attorney's fees to which they may be entitled) is limited to $5,393.20.[2]

---

[2] *See* note 1, *supra*, and accompanying text.

## **CONCLUSION**

As stated above, Plaintiffs' claims against Defendants Balboa and Newport are dismissed with prejudice. On the showing made, however, a triable issue exists with respect to Plaintiffs' entitlement to recover up to $5,393.20 under the Meritplan policy. Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendants' motion for summary judgment (Rec. Doc. No. 27) is **DENIED IN PART** and **GRANTED IN PART**.

New Orleans, Louisiana, this 5th day of March 2009.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE